## Otis Vinal *versus* Nathan Burrill *et al.*

In assumpsit against several, who joined in a plea of *non assumpsit*, only one of them appeared when the case came on for trial. It was *held*, that this one was not legally entitled to have the others defaulted, in order that he might use them as witnesses.

If one of several defendants in assumpsit be defaulted, it seems he is not a competent witness for his co-defendants ; being interested, not so much to throw on his co-defendants a portion of the demand in suit, as to reduce the plaintiff's recovery to a nominal sum.

THIS was an action of assumpsit against three defendants, Burrill, Kimball, and Valentine, formerly copartners under the firm of Burrill, Kimball & Co , to recover the balance of an account stated. The defendants pleaded jointly *non assumpsit*, and issue was joined thereon. The case was once tried before *Morton* J. and a new trial was granted. (See 16 Pick. 401.) It came on again for trial, at November term 1835, before *Wilde* J., upon the same issue. Before the trial began, *S. D. Parker*, stated that he did not appear for Burrill or Kimball, and moved, in writing, that they should be defaulted, no one appearing for them. The motion was overruled. Burrill was in court, but he did not personally request leave to withdraw his plea, nor apply to be defaulted. He was offered by Valentine to be sworn as a witness ; but the judge would not permit him to be sworn.

*S. D. Parker*, for the defendant Valentine.　　　*March 9th.*

*C. P. Curtis*, for the plaintiff.

PUTNAM J. delivered the opinion of the Court. It seems *March 21st* to us, under the circumstances, that Valentine had no right to interfere with Burrill and Kimball. If they did not choose to be defaulted, we think that Valentine had no right to the order or assistance of the court to have them defaulted. They stood then as parties to the record, relying upon their pleas, and it could not then appear to the court but that they might be discharged upon their pleas. The judge, we think, did right to leave them to manage the cause in their own way.

It was contended for Valentine, that if Burrill and Kimball were defaulted, and admitted as witnesses for him, their interest would have been against him, because if they testified so

<div style="float:left">Vinal<br>v.<br>Burrill.</div>

as that he would be discharged, they would be liable for the whole demand, upon their default, and could not have had any contribution against him. But we think their stronger interest would have been, in such case, to reduce the demand of the plaintiff against Valentine to nominal damages, and then no greater damages could be assessed against them upon their default.

But however that might be, we think that Valentine had no right to compel them to be defaulted. The plaintiff might unquestionably have moved for their default.